IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEVRON U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> SSD & ASSOCIATES, <br><br> Defendant. | No. C 05-03276 WHA <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND VACATING HEARING** |

**INTRODUCTION**

Defendant has moved for dismissal of this action, which seeks a declaratory judgment that termination of a particular gasoline-station franchise is proper. The complaint, however, alleges facts that may support a claim to relief. The motion is therefore **DENIED**.

**STATEMENT**

SSD & Associates and Chevron Products Company, a division of plaintiff corporation, entered into a franchise agreement July 29, 2002. SSD agreed to operate a Chevron gasoline station, auto-service bay and minimart in San Ramon (Compl. ¶ 7).

The rent to be paid by SSD was to rise and fall according to the volume of sales. The agreement also provided that Chevron could audit SSD's records, after providing notice at least 72 hours in advance, to ensure the accurate calculation of rent. SSD agreed to maintain certain records, and to abide by all federal, state and local laws and regulations relevant to the station's operation (*id.* ¶¶ 9, 10, 13).

SSD did not file income-tax returns for 2002–04. On September 1, 2004, the California Secretary of State suspended SSD. On March 21, 2004, the California Franchise Tax Board

notified Chevron that it was conducting an investigation of SSD. Chevron audited defendant's books on May 27, 2005. SSD did not produce certain required business records (*id.* ¶¶ 14, 17, 18, 21, 22).

On August 10, 2005, Chevron notified defendant by hand delivery that it intended to terminate the franchise relationship at midnight, November 8, 2005 (*id.* ¶¶ 25, 26).

Chevron instituted this action on August 10, 2005, under the Petroleum Marketing Practices Act, 15 U.S.C. 2801–06, 2821–04, 2841.

## ANALYSIS

### 1. APPLICABLE LEGAL STANDARD.

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal for failure to state a claim when it appears beyond doubt that plaintiff can prove no set of facts to support a claim entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 46 (1957). The complaint's allegations are assumed true and a court must draw all reasonable inferences in plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the chance of recovery is remote, a court must allow plaintiff the opportunity to develop a case. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Dismissal is only proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

### 2. PETROLEUM MARKETING PRACTICES ACT.

No franchisor dealing in motor fuel may terminate any franchise early, or refuse to renew the franchise, unless certain conditions are met. The conditions include the failure of the franchisee to comply with any provision of the franchise agreement that is reasonable and of material significance to the franchise relationship, provided the franchisor had knowledge of that failure before initiating termination. The relationship also can be abrogated if, during the franchise period, the franchisee engages in fraud or criminal misconduct relevant to the gas station's operation, or knowingly fails to comply with any federal, state or local laws pertaining to the business. The relationship normally may be terminated only if the basis for termination came to the franchisor's knowledge 120 days or less before it gave notice of the termination. To be valid, the notice must be in writing, delivered personally or by certified mail to the

franchisee and contain the following: (1) a statement that the franchisor intends to end the franchise relationship, (2) reasons for the termination, (3) the effective date of the termination, and (4) a government-prepared summary of the Petroleum Marketing Practices Act.  15 U.S.C. 2802(a)–(c), 2804(a), (c)–(d).

### 3. PLAINTIFF'S CLAIMS.

Plaintiff alleges that its termination of the relationship was proper because SSD failed to maintain and produce particular business records as agreed to in the lease and necessary to verify that defendant was paying the proper rent (Compl. ¶¶ 18, 19, 28(a)).  It claims that this requirement is "reasonable and of material significance to the franchise relationship" because without that provision it would have no way to ensure it wasn't being cheated.  *See* 15 U.S.C. 2802(b)(2)(A).

Plaintiff also alleges that defendant committed crimes, and knowingly failed to comply with relevant federal, state or local laws by failing to maintain certain records as required by the Internal Revenue Code and California Revenue and Taxation Code, by failing to file tax returns, by under-reporting sales to California tax authorities and by operating while suspended by the Secretary of State (Compl. ¶¶ 20–22, 24, 28(b)).

Plaintiff apparently learned of these bases for termination on May 27, 2005, the date of the audit.  Plaintiff claims it complied with all requirements governing the manner of service (*id.* ¶¶ 17, 25, 28).

### 4. DEFENDANT'S ARGUMENTS IN FAVOR OF DISMISSAL.

#### A. Materiality.

SSD claims that there is no set of facts upon which Chevron can prove that the alleged breaches were sufficiently material to warrant terminating the franchise relationship under the Petroleum Marketing Practices Act (Br. 7).

The complaint alleges that the failure to maintain records prevented it from calculating the amount of rent due.  The ability to calculate and collect rent properly is material to the franchise.

SSD argues that Chevron, however, could determine the rent using available information.  It argues that Chevron therefore had no need for the materials SSD failed to

3

1  maintain and provide, making those records immaterial and termination therefore unlawful. It
2  further argues that its tax and corporate-charter problems did not affect Chevron enough to
3  merit termination.

4  SSD focuses on the tax returns and argues that this Court should follow the order in a
5  similar case, *Chevron U.S.A., Inc. v. Mebtahi* (Br. 7). In *Mebtahi*, the termination was on the
6  grounds of "failure to maintain or produce for audit . . . state and federal income tax returns; . . .
7  failure to comply with the law in filing his sales tax returns; and [ ] Defendant's unlawful,
8  fraudulent, and deceptive failure to properly report all of his sales to the relevant taxing
9  authorities." 148 F. Supp. 2d 1019, 1022 (C.D. Cal. 2000) (internal quotation marks omitted).
10 The *Mebtahi* court granted summary judgment to the franchisee after finding that there was
11 insufficient evidence to support a claim that failure to provide the tax documents was material.

12 The instant cases is distinguishable. Unlike in *Mebtahi*, which arose on a motion for
13 summary judgment, this case is not limited to missing tax documents. Nowhere in its complaint
14 does Chevron limit the missing documents to the tax documents. In its opposition brief, it
15 claims that it notified SSD that other necessary documents also were missing (Opp. 4–5).
16 Whether or not the documents referred to in the complaint are material is a case-specific factual
17 dispute that is inappropriate for resolution on a Rule 12(b)(6) motion. The same goes for
18 whether any law violations were significant.

19 The Ninth Circuit has held that the materiality of a franchisee's failure to pay taxes may
20 be a factual issue, about which any dispute precludes summary judgment. In *Chevron U.S.A.,*
21 *Inc. v. El-Khoury*, the court held that any merely technical failure to comply with a law, or one
22 that is unimportant to the franchise relationship, cannot justify termination. An inquiry into the
23 materiality of the alleged law violation therefore is required. 285 F.3d 1159, 1160, 1162 (9th
24 Cir. 2002). Like *El-Khoury*, the instant case presents a factual dispute over materiality.
25 Chevron's side in the dispute is adequately supported by the complaint and there is thus no
26 basis for dismissal.

27         **B.**    **Crime.**

28 Defendant suggests that its failure to be convicted of any criminal offense deprives
   Chevron of its right to terminate on grounds of criminal misconduct (Br. 3). This contention

4

has no merit. The law does not require a conviction to justify termination, only "fraud or criminal misconduct" or a knowing failure to comply with federal, state or local laws relevant to the operations of the service station. Clearly, the knowing-failure provision covers non-criminal law violations. Conviction, therefore, cannot be a requirement. For example, the court in *Shell Oil Co. v. Hillary Farmer Serv. Station, Inc.* found that termination was justified based on a knowing failure to comply with state environmental laws, despite the fact that no citation was ever issued. 739 F. Supp. 749, 752 (E.D.N.Y. 1990). Furthermore, defendant concedes that it did not file its 2002–04 tax returns or pay its franchise tax on time (Br. 1). Obviously, then, Chevron may be able to prove that there was a law violation, criminal or otherwise, and stands a chance of persuading a finder of fact that termination is justified on that ground.

### C.     Any Breach Has Been Cured.

Defendant argues that it has cured any breach by filing its tax returns, paying its franchise tax and reestablishing its good corporate standing.

First of all, this information is outside the complaint and would require evidence that cannot be considered on a motion to dismiss. Second, Chevron does not specify in its complaint which business records defendant failed to produce at its audit. It is therefore possible that these records go beyond the tax returns and may be missing still. Third, mere filing of the tax returns is not equal to providing them to the auditor, as SSD was required to do under its franchise.

Chevron's complaint thus presents a legitimate issue that cannot be resolved on this motion.

### D.     Failure to Report Sales.

Defendant argues that it did not fail to report sales but instead that Chevron's own calculations of those sales are mistaken (Br. 5). If indeed there was no fraudulent conduct, this accusation could not form the basis of a valid termination. Whether there was such conduct is, however, a factual dispute that requires evidence and cannot be resolved on this motion to dismiss.

### CONCLUSION

1  Because Chevron's allegations and legal theories may support a valid claim, SSD's
2 motion to dismiss for failure to state a claim is **DENIED**.  The hearing on the motion is
3 **VACATED**.
4  It is hard to see how defense counsel ever thought this motion could succeed, given the
5 standard for a Rule 12(b)(6) motion.  In the future, the Court expects all counsel to make only
6 arguments that have a plausible and good-faith basis for success.

8  **IT IS SO ORDERED.**



10 Dated:   November 7, 2005

11  WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

6