```
1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    ROBERT C. PHELPS #106666
2   MICHELLE R. WATTS #232460
    50 Fremont Street
3   Post Office Box 7880
    San Francisco, CA  94120-7880
4   Telephone: (415) 983-1000
    Facsimile: (415) 983-1200
5
    Attorneys for Plaintiff
6   CHEVRON U.S.A. INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11  _____
                                             )  No. C 05-03276 WHA
12  CHEVRON U.S.A. INC., a corporation       )
                                             )  STIPULATION AND [PROPOSED]
13                             Plaintiff,    )  PROTECTIVE ORDER
                                             )
14  vs.                                      )  Complaint Filed:  08/11/2005
                                             )  Trial Date: 8/21/2006
15  SSD & ASSOCIATES, a suspended            )
    California corporation                   )
16                                           )
                               Defendant.    )
17  _____)

18

19          The parties, by and through their attorneys of record, hereby stipulate that an

20  Amended Protective Order may be entered in this action pursuant to Rule 26(c), Federal

21  Rules of Civil Procedure, as follows:

22          1.      As used herein, information designated as "CONFIDENTIAL" as

23  hereinafter provided, includes any document (including writings, as defined by Rule

24  1001(1), Federal Rules of Evidence) produced by any party in response to any discovery

25  request, any interrogatory answers, any response to a request to admit, any deposition

26  transcripts, together with all information contained therein and derived therefrom, and all

27  copies, excerpts or summaries thereof.

28
```

2.  If any party in good faith believes a complete document, or a portion of a document, or other discovery constitutes, contains or reflects trade secrets and/or proprietary or other confidential matter, then that party may designate such document, portion of a document, or discovery response as "CONFIDENTIAL" in accordance with the procedures set forth in paragraph 3 hereof.  Any document, portion of a document, or discovery response so designated, and all information contained therein and derived therefrom, and all copies, excerpts and summaries thereof shall be considered "CONFIDENTIAL" for purposes of this Stipulation and Order, except as set forth in paragraph 9, below.

3.  To designate any information as protected information under this Stipulation and Protective Order, the party choosing to make such designation shall:

(a) In the case of documents and other tangible things, mark such matters, or portions thereof, "CONFIDENTIAL" at or prior to the time of production.

(b) Deposition testimony which contains confidential material shall be identified by a statement to that effect, on the record, by counsel for the party.  Each portion of a deposition which contains confidential material shall be identified at the beginning of such testimony with the words "BEGIN CONFIDENTIAL TESTIMONY" and at the end with the words "END CONFIDENTIAL TESTIMONY."  The pages containing confidential testimony shall be identified on the bottom of each such page with the word "confidential"  On each occasion where confidential testimony is given, the confidential testimony will be transcribed starting on a new page and a new page will be started after each "END CONFIDENTIAL TESTIMONY."  If an additional charge is made by the person preparing the transcript for such identification of confidential testimony, such additional charge shall be paid by the party making the designation of confidential material.  With regard to deposition testimony elicited in the case prior to entry of this Stipulation and Order, a party may designate such testimony confidential by so

1  advising all counsel within 30 days of entry of this stipulation and order as the
2  Court's order.
3       (c)   Responses to particular interrogatories, requests for admissions or
4  requests for production of documents which contain confidential material shall be
5  set forth in a separate document containing a statement to the effect that "THIS
6  RESPONSE CONTAINS CONFIDENTIAL MATERIAL," and the legend
7  "confidential" shall be placed on each page of any set of responses.
8       4.    All information designated as "CONFIDENTIAL" shall be used solely for
9  the prosecution or defense of this action and not be disclosed in any manner to anyone other
10 than the following:
11      (a)   counsel (including in house counsel) who are actively engaged in the
12 prosecution or defense of this action; the employees or agents of such counsel
13 assisting in the conduct of this action; and the parties and, where necessary for the
14 prosecution or defense of this action, employees of parties to this action;
15      (b)   experts or confidential consultants assisting counsel in this action;
16      (c)   witnesses and their counsel in this action where deemed necessary by
17 counsel to assist in the prosecution or defense of this action;
18      (d)   the Court and its personnel, including stenographic reporters
19 employed by the Court;
20      (e)   stenographic reporters not regularly employed by the Court, who are
21 engaged in such proceedings as are necessarily incident to the conduct of this
22 action; and
23      (f)   other persons only in accordance with paragraph 7 of this Stipulation
24 and Order.
25 5.    At any proceeding in connection with this litigation, counsel for the parties
26 may, subject to the applicable rules of evidence, disclose or refer to confidential material in
27 accordance with the terms of this Stipulated Protective Order, unless otherwise ordered by
28 the Court. If any party wishes to include any document designated confidential material or

1  any summary, abstract or description thereof in any document filed with the Court, they
2  shall submit such documents or such portions thereof to the Court in the manner prescribed
3  by Northern District of California Local Rule 79-5. The party seeking to file such
4  documents under seal shall do so pursuant to a Court order and, if seeking to file a
5  document that has been designated confidential material by another party pursuant to this
6  Stipulated Protective Order, shall file and serve an Administrative Motion pursuant to Local
7  Rule 79-5(d). Such document or such portions thereof that contain this information filed
8  under seal shall bear the following legend: "DOCUMENT SUBMITTED UNDER SEAL."
9          6.      Prior to disclosure of any information designated as "CONFIDENTIAL"
10 under this Order, each person to whom such information is to be disclosed (excluding the
11 Court, counsel of record and legal assistants or other law firm or law department employees
12 working under their supervision in the prosecution or defense of this action) shall execute
13 the form attached hereto. Counsel shall maintain all such executed forms on file throughout
14 the pendency of this action.
15         7.      In the event that counsel for any party determines that the prosecution or
16 defense of this action requires that any "CONFIDENTIAL " information be disclosed to
17 persons not otherwise authorized herein, such counsel shall provide counsel for the party
18 that produced such material written notice of the intended disclosure (which notice shall
19 specify with particularity the information to be disclosed and the identity, including name,
20 title and employer, of the otherwise unauthorized person) not less than seven (7) days prior
21 to disclosure, or such shorter period as is agreeable to the party that produced such material.
22 If, within four (4) days of receipt of such notice, counsel for the party which produced the
23 material objects in writing to such disclosure to the counsel giving notice, the information
24 shall not be disclosed unless the Court so orders.
25         8.      Each person to whom any information subject to this Stipulation and
26 Protective Order is disclosed is hereby prohibited from divulging such materials or any
27 information contained therein or from exploiting in any way such material or information
28

for his or her own benefit, and from using such material or information for any purposes or in any matter not connected with the prosecution or defense of this action.

9. If any party wishes to challenge the designation of any document or discovery response designated as "CONFIDENTIAL" such party shall meet and confer with the designating party to resolve the dispute, and, if unable to resolve the dispute, may move the court for a determination whether the document or other response in question warrants protection as a confidential matter in accordance with the provisions set forth in this Court's local rules and other applicable rules. Nothing in this Stipulation and Order affects or alters the burden on the designating party to establish the appropriateness of confidential treatment.

10. Entering into, agreeing to and/or complying with the terms of this Stipulation and Order shall not:

    (a) operate as an admission that any particular designated materials constitutes, contains or reflects trade secrets, propriety or commercial information or other confidential matter;

    (b) prejudice in any way the right of any party to object to the production of documents or information it considers not subject to discovery or to seek a Court determination whether particular designated materials should be produced;

    (c) prejudice in any way the right of any party to apply to the Court to rescind or modify the terms of this Stipulation and Order or to move the Court for further protective order;

    (d) affect or prejudice in any way the right of any party to use, or object to the use of, any designated material at any hearing or at trial;

    (e) affect the obligations of any party or person to comply with the terms of any compulsory process; or

    (f) prejudice the right of any party to seek injunctive relief.

11. This Stipulation and Order shall have no effect upon, and its scope shall not extend to, any party's use of its own documents, testimony and information.

1    12.    The Stipulation and Order shall be effective from the date on which it is
2  entered by the Court and shall apply from that day forward to all discovery in this matter,
3  whether produced before or after that date except as otherwise provided in paragraph 3(b)
4  hereof and as otherwise provided by separate letter agreement of the parties, by and through
5  their counsel, with respect to documents produced prior to entry of this stipulation at the
6  Court's order.
7    13.    Within sixty (60) days after final disposition of this action (including all
8  appellate proceedings), all "CONFIDENTIAL"-designated material and all copies. excerpts
9  and extracts (excluding excerpts or extracts incorporated into any privileged memoranda),
10  except for such material which has become part of the record in this action, shall be
11  destroyed or returned to the person producing the material.
12    14.    Nothing contained herein shall be constructed as limiting or negating the
13  right of any party hereto to bring a motion to compel discovery, for protective order, or
14  upon a showing of good cause, to modify the provisions of this Protective Order.
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: May 17, 2006.

PILLSBURY WINTHROP SHAW PITTMAN LLP
ROBERT C. PHELPS
MICHELLE R. WATTS
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880


By  /s/ Robert C. Phelps
─────────────────────────
        Robert C. Phelps

Attorneys for Plaintiff
CHEVRON U.S.A. INC.

Dated: May 17, 2006.

PEREZ & MILLER
Richard L. Perez
3730 Mt. Diablo Boulevard
Suite 335
Lafayette, CA 94549


By _____
        Richard L. Perez

Attorneys for Defendant
SSD & ASSOCIATES

GOOD CAUSE appearing, it is so ORDERED.

Dated: May 22, 2006.

By 
Judge William Alsup
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

700457374v1                    7        Stipulation and [Proposed] Protective Order
                                        Case No. C05-3276 WHA

# AGREEMENT TO BE BOUND BY
# STIPULATED PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges that, on _____, he/she read the Stipulation and Protective Order entered in <u>Chevron U.S.A. Inc. v. SSD & Associates</u>, Case No. C-05-3276 WHA, and that he/she understands and agrees to be bound by all provisions of the aforesaid Stipulation and Protective Order.

Dated: _____.

Signed: _____.